

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB 15  A 9:31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VASHON HOLLOWAY | CIVIL ACTION |
| VERSUS | NO. 00-0172 |
| SHERIFF CHARLES C. FOTI, ET AL | SEC. "C" (1) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Vashon Holloway, is a prisoner currently incarcerated in the Allen Correctional Center, Kinder, Louisiana. He filed this *pro se* and *in forma pauperis* complaint seeking damages pursuant to 42 U.S.C. § 1983 against Sheriff Charles C. Foti, Jr., Alonzo Butler, and the Louisiana Department of Public Safety and Corrections (DOC). Holloway claims that while he was incarcerated in the Orleans Parish Prison (OPP), he was sexually assaulted by OPP Sheriff's Deputy Alonzo Butler. Plaintiff argues that as Butler's employer, Sheriff Foti is responsible under a theory of respondeat superior. Plaintiff also contends that the DOC is liable because at the time of the alleged assault, he was incarcerated in the OPP as a DOC inmate.

## STANDARD OF REVIEW

An *in forma pauperis* complaint may be dismissed in whole or in part if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a

DATE OF MAILING  FEB 15 2000

DATE OF ENTRY  FEB 15 2000

___ Fee___
___ Process___
_X_ Dktd
_✓_ CtRmDep
___ Doc.No.___

claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); see Booker, 2 F.3d at 116. Under the broadest reading of his complaint, Holloway's allegations regarding the liability of the DOC lack any arguable basis in law and should be dismissed as frivolous and for failure to state a claim for which relief can be granted.[1]

## ELEVENTH AMENDMENT IMMUNITY

Plaintiff argues that the DOC is liable for Butler's alleged sexual assault of him because he was incarcerated in the OPP as a DOC inmate. Plaintiff's claims against the DOC amount to claims against the State of Louisiana through the DOC. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999) (holding that the Louisiana Department of Public Safety and Corrections is an alter ego of the State of Louisiana). This Court is barred by the Eleventh

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Amendment from "entertain[ing] a suit brought by a citizen against his own State." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98, 104 S. Ct. 900, 906, 79 L. Ed. 2d 67 (1984); see also Champagne, 188 F.3d at 314 (holding that the Louisiana Department of Public Safety and Corrections is immune from suit under the Eleventh Amendment); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir.1986).[2] Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See Edelman v. Jordan, 415 U.S. 651, 673, 94 S. Ct. 1347, 1360-61, 39 L. Ed. 2d 662 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). In fact, LSA-R.S. § 13:5106(a) provides: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Accordingly, plaintiff's § 1983 claims against the DOC are barred by the Eleventh Amendment and should be dismissed as frivolous.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE** as to the State of Louisiana through the Louisiana Department of Public Safety and Corrections.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[2] "[A] suit against a State is barred regardless of whether it seeks damages or injunctive relief." Darlak v. Bobear, 814 F.2d 1055, 1060-61 (5th Cir. 1987).

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __14__ day of __February__, 2000.

```
                                    _____
                                    SALLY SHUSHAN
                                    UNITED STATES MAGISTRATE JUDGE
```